UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BUBA JADAMA,

        Petitioner,

vs.

        Case No. 22-12682
        HON. GEORGE CARAM STEEH

DIRECTOR, BUREAU OF
IMMIGRATION AND CUSTOMS
ENFORCEMENT and DIRECTOR,
FEDERAL BUREAU OF PRISONS,

        Respondents.
_____/

OPINION AND ORDER DENYING PETITION
FOR WRIT OF HABEAS CORPUS (ECF No. 1)

Petitioner Buba Jadama is a federal prisoner in the custody of the Federal Bureau of Prisons ("BOP"). Jadama, who is not a U.S. citizen, alleges that BOP has designated him potentially removable based on a detainer lodged by Immigration and Customs Enforcement ("ICE"). This classification limits his eligibility for certain BOP programs. Jadama filed a petition for a writ of habeas corpus seeking a specialized hearing with ICE and the Executive Office for Immigration Review ("EOIR") to determine whether the detainer should be removed. For the reasons set forth below, Jadama's petition for writ of habeas corpus is denied.

BACKGROUND

In 2016, Jadama was convicted of conspiracy to possess with intent to distribute heroin. He is currently under BOP custody at Milan FCI and is set to be released in March 2024. Jadama is a citizen of Gambia with no claims to U.S. citizenship or legal-permanent-resident status. Between June 2016 and December 2022, ICE filed multiple superseding detainers with law enforcement agencies that had custody over Jadama. ICE issued the detainers to provide notice of its intent to take custody of Jadama, as a noncitizen who is likely subject to removal, upon completion of his incarceration.

Jadama claims that BOP has designated him as being subject to possible deportation and that this designation prevents him from participating in BOP's rehabilitation, educational, and time-reduction programs. In his habeas petition, Jadama seeks an order directing ICE and BOP to arrange a hearing under the Institutional Hearing Program ("IHP"). The IHP allows the EOIR to conduct removal proceedings, upon the filing by ICE of a Notice to Appear, for noncitizens serving criminal sentences while an inmate is still in BOP custody.

Jadama first raised the present claims in a request for administrative remedy with Milan's warden. When that request was denied, he appealed

to the Regional Director. Although the next step in the administrative process is to appeal to the BOP's Office of the General Counsel, Jadama did not do so before filing his petition for writ of habeas corpus.

## ANALYSIS

I. Exhaustion of Administrative Remedies

Federal prisoners must exhaust their administrative remedies prior to filing a habeas petition under § 2241. *Fazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 229, 231 (6th Cir. 2006) (citing *Little v. Hopkins*, 638 F.2d 953, 953–54 (6th Cir. 1981)). BOP provides a four-step administrative remedy program to formally review any complaint by a prisoner that relates to any aspect of the inmate's confinement. *See* 28 C.F.R. §§ 542.10–542.19. Inmates must first attempt informal resolution of their complaints by discussing the matter with a member of their Unit Team. 28 C.F.R. § 542.13. If informal resolution fails to resolve the matter, the inmate may file a formal complaint or remedy with the warden within 20 days of the date on which the basis of the complaint occurred. *Id*. If the inmate is not satisfied with the warden's response, within 20 days, he or she may appeal the response to the Regional Director. 28 C.F.R. § 542.15. If the inmate is dissatisfied with the regional response, within 30 days, he or she may file a national appeal with the Office of General Counsel in Washington, D.C. *Id*.

Jadama followed the first three steps of the administrative process, but he did not complete the fourth step by filing an appeal to the Office of General Counsel. Jadama argues he is excused from the exhaustion requirement in this case because the BOP has already determined the issue, making exhaustion futile. In fact, the BOP has made its position clear that inmates with unresolved pending detainers may earn FTCs but may not apply them to release to supervision. *See* BOP Program Statement 5110.16 (First Step Act of 2018 - Time Credits: Procedures for Implementation of 18 U.S.C. § 3632(d)(4)), p. 13.

However, even if Jadama is excused from the exhaustion requirement in this case, he is not entitled to habeas relief as explained below.

II.     Failure to Support Habeas Corpus Claim

A petition for habeas corpus allows the petitioner to challenge the fact or duration of his confinement. "The writ of habeas corpus is a procedural device for subjecting . . . restraints on liberty to judicial scrutiny. Where it is available, it assures among other things that a prisoner may require his jailer to justify the detention under the law." *Peyton v. Rowe*, 391 U.S. 54, 58 (1968); *see Dep't of Homeland Sec. v. Thuraissigiam*, 140 S. Ct. 1959, 1969–70 (2020) ("[T]he historic role of habeas is to secure release from

custody."). A petition for a writ of habeas corpus is not the proper vehicle to challenge the conditions of confinement. *Lutz v. Hemingway*, 476 F. Supp. 2d 715, 718 (E.D. Mich. 2007).

In his petition for habeas corpus relief, Jadama asks the Court to order an IHP hearing, where he will seek to have his immigration detainer removed by ICE because it "is negatively affecting the way the BOP is executing [his] sentence." Petition, ECF No. 1, PageID.2. Jadama contends that if he can resolve his immigration status with ICE, he would have the opportunity to participate in BOP rehabilitation, educational, vocational and time reduction incentive programs. Petition, ECF No. 1, PageID.7.

Jadama's claim that he is being denied access to rehabilitative programs is non-cognizable on habeas review, because it amounts to a challenge to the conditions of his confinement. *See In re Owens*, 525 F. App'x 287, 290 (6th Cir. 2013); *Thuraissigiam*, 140 S. Ct. at 1971 ("Claims so far outside the 'core' of habeas may not be pursued through habeas.") (citing *Skinner v. Switzer*, 562 U.S. 521, 535, n. 13 (2011)); *Cortez v. Fed. Bureau of Prisons*, No. 2:22-CV-10430, 2022 WL 4491057, at *2 (E.D. Mich. Sept. 27, 2022) ("A § 2241 habeas petition is not the appropriate vehicle for a prisoner to challenge the conditions of his confinement.") (citing *Velasco v. Lamanna*, 16 F. App'x 311, 314 (6th Cir. 2001)).

Jadama's argument that the ICE detainers are preventing him from earning time credits under the First Step Act of 2018 is also not cognizable as a habeas petition because it does not challenge the fact of his custody.

## CONCLUSION

For the reasons set forth above, petitioner is not entitled to relief on his habeas petition. Now, therefore,

IT IS HEREBY ORDERED that the petition for writ of habeas corpus (ECF No. 1) is DENIED.

Dated:  February 21, 2023

> s/George Caram Steeh
> GEORGE CARAM STEEH
> UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on February 21, 2023, by electronic and/or ordinary mail and also on Buba Jadama #22055-052, Milan Federal Correctional Institution, Inmate Mail/Parcels, P.O. Box 1000, Milan, MI 48160.

s/Michael Lang
Deputy Clerk